Mr. Richard T. Woulfe Chairman, 17th Judicial Circuit Judicial Nominating Commission Post Office Drawer 030340 Fort Lauderdale, Florida 33303
Dear Mr. Woulfe:
You ask substantially the following question:
Is an attorney/member of the judicial nominating commission precluded from voting on an application for a judicial vacancy from an attorney employed in the same office as an attorney/commissioner?
In sum:
No substantial conflict of interest is created by the employment of a judicial nominating commission member in the same public agency as one of the applicants for a judicial vacancy that would preclude the commission member from voting on the applicant.
According to your letter, the attorney/member is employed by the Public Defender's Office and an application for a judicial vacancy has been received by the commission from another attorney employed in that office.
Section VII of the Uniform Rules of Procedure for Circuit Judicial Nominating Commissions recognizes that judicial nominating commissioners hold positions of public trust. Therefore, their conduct "should not reflect discredit upon the judicial selection process or disclose partisanship or partiality in the consideration of applicants." Section VII further provides:
A commissioner shall disclose to all other commissioners present all personal and business relationships with an applicant. If a substantial conflict of interest is apparent, that commissioner shall not vote on further consideration of any affected applicants. A Commissioner shall declare any conflict of interest that he/she has. Alternatively, upon motion by any Commissioner, a majority of all of the Commissioners may declare that a commissioner has a conflict of interest. The effected Commissioner may vote on the motion. . . .
The determination of whether such a substantial conflict of interest exists must be made on a case-by-case basis and should initially be governed by the conscience of the commissioner.[1]
While the rule does not define "a substantial conflict of interest," the standard to be used would appear to be analogous to that prescribed in section 112.3143(4), Florida Statutes. This section recognizes a voting conflict when a public officer votes on any measure
which would inure to the officer's special private gain or loss; which the officer knows would inure to the special private gain or loss of any principal by whom he or she is retained or to the parent organization or subsidiary of a corporate principal by which he or she is retained; or which he or she knows would inure to the special private gain or loss of a relative or business associate of the public officer. . . .[2]
"Business associate" is defined to mean:
[A]ny person or entity engaged in or carrying on a business enterprise with a public officer, public employee, or candidate as a partner, joint venturer, corporate shareholder where the shares of such corporation are not listed on any national or regional stock exchange, or coowner of property.[3]
Thus the statutes contemplate a financial benefit to either the employee, the employer, or a person with whom the employee is engaged in a business enterprise. No such benefit is evident when the attorney/commissioner is employed by a public agency.
The mere employment of an attorney/commissioner in the same public agency as one of the applicants for the judicial vacancy, without some indication of a special private gain, would not preclude the commissioner from voting, although such a relationship should be disclosed to the commission. There is no indication that an employee of the Public Defender's Office would receive any special gain either to himself or to the Public Defender by considering the application of a fellow employee. While the applicant may receive a special gain if appointed, the applicant is not, by virtue of his employment in the same public agency, a business associate of the attorney/commissioner.
Accordingly, I am of the opinion that no substantial conflict of interest exists when a member of the judicial nominating commission who is employed as an attorney in the public defender's office considers and votes upon an application for a judicial vacancy from an attorney employed in the same office as the attorney/commissioner.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tall
[1] Cf., Breakstone v. MacKenzie, 561 So.2d 1164, 1171 (Fla. 3d DCA 1989). Section VII of the Uniform Rules of Procedure for Circuit Judicial Nominating Commissions provides that, upon a motion by any Commissioner, a majority of all of the commissioners may declare that a commissioner has a conflict of interest.
[2] See also, s. 112.3143(2), Fla. Stat.
[3] Section 112.312(4), Fla. Stat.